Dewet, J.
The question raised in the present case is, whether the deed of one who is insane, at the time of the execution thereof, is void absolutely, or merely voidable.
The term ‘void,’ as applicable to conveyances or other agreements, has not at all times been used with technical precision, nor restricted to its peculiar and limited sense as contradistinguished from ‘ voidable ’; it being frequently introduced, even by legal writers and jurists, where the purpose is nothing further than to indicate that a contract was invalid, and not binding in law. But the distinction between the terms ‘ void ’ and ‘ voidable,’ in their application to contracts, is often one of great practical importance ; and whenever entire technical accuracy is required, the term ‘ void ’ can only be properly applied to those contracts that are of no effect whatsoever; such as are a mere nullity, and incapable of confirmation or ratification.
This question, then, arises: Is the'deed of a person non compos mentis of such a character that it is incapable of confirmation? This point is not now for the first time raised, but has been the subject of comment both by elementary writers and in judicial opinions. Mr. Justice Blackstone, in his Commentaries, vol. II, p. 291, states the doctrine thus: “Idiots, and persons of non-sane memory, infants, and persons *418 under duress, are not totally disabled to convey or purchase, but sub modo only, for their conveyances and purchases are voidable but not actually void.” Chancellor Kent says, “ by the common law, a deed made by a person non compos, is voidable only, and not void.” 2 Kent Com. (4th ed.) 451. In Wait v. Maxwell, 5 Pick. 217, this court adopted the same principle, and directly ruled that the deed of a non compos, not under guardianship, was not void, but voidable. Such a deed conveys a seizin to the grantee, and the deed, to that extent, is valid, until, by entry or action, the same is avoided. Mitchell v. Kingman, 5 Pick. 431, is to the like effect. In Seaver v. Phelps, 11 Pick. 305, the contracts of insane persons are noticed as contracts not absolutely void, but voidable.
It may seem somewhat absurd to hold that a deed should have any effect, when wanting in one of the essential elements of a valid contract, viz. that of parties capable of giving an assent to such contract. But this objection as strongly applies to cases of deeds executed by infants, who are alike wanting in capacity to make a binding contract. Yet this principle of giving so much effect to the contract as removes it beyond that of a mere nullity, and renders it, to some present purposes, effectual, and susceptible of complete future ratification, is well settled and understood as to infants who enter into contracts; and it will be found that there is a common principle on this subject, alike applicable to the inability of a contracting party, arising from lunacy or infancy. The civil and the common law writers group together idiots, madmen, and infants, as parties incapable of contracting for want of a rational and deliberate consenting mind. 1 Story on Eq. <§> 223, and authorities there cited.
It is true that the rule of the common law, as held at one time, seemed to sanction, in one particular, a most unwarrantable distinction between the cases of deeds made by persons non compos, and those made by infants; holding that the former could not be avoided by the party, upon the ground that no man of full age should be admitted to stultify himself, although it allowed privies iii blood, or privies in representation, after *419 the death of the non compos, to avoid the deed, on the ground of incapacity in the grantor. This distinction has not been adopted by our courts. On the contrary, we hold that such conveyance by one non compos mentis may be avoided by himself, as in the case of an infant grantor. This principle was directly recognized in the case of Mitchell v. Kingman, 5 Pick 431. Indeed, the English rule has, in modern times, been often questioned in England; and in the courts of our sister states, it has received little if any sanction. 1 Story on Eq. <§> 225, and cases there cited.
It was urged by the demandant’s counsel, that the doctrine, that the deed of a non compos person was voidable only, and not void, was to be limited to feoffments, or cases where there is livery of seizin, or what is equivalent, and would not embrace a conveyance by an unrecorded deed. But we do not think that such a distinction can be maintained. As between the grantor and grantee, such unrecorded deed is good and effectual, by force of our statute; and the effect of such a conveyance would be to vest the title of the grantor in the grantee immediately upon the execution of the deed, and before the same is recorded. Marshall v. Fisk, 6 Mass. 31. A deed made in proper form, and duly acknowledged and recorded, is, in this Commonwealth, equivalent to a feoffment with livery of seizin. Somes v. Brewer, 2 Pick. 197. Without the registry, where the delivery of the deed is accompanied by the surrender of the possession of the conveyed premises to the grantee, the effect would be the same, as to the conveyance by a non compos, as would result from a feoffment made by him. A deed of bargain and sale, it is said, places the grantee upon the footing of a feoffment, as it passes the estate by the delivery of the hand; such grants or deeds as take effect by delivery of the hand being voidable only. Somes v. Brewer, 2 Pick. 197. Zouch v. Parsons, 3 Bur. 1804. We come, therefore, to the result, that the deeds of infants and insane persons are alike voidable, but neither are absolutely void.
Upon the trial of the present action, the plaintiff put his case upon two distinct grounds: 1st. That he was insane at *420 the time he executed the deed under which the tenant derives his title : 2d. That the deed was obtained by undue influence and fraud on the part of the tenant. Upon both these points the plaintiff introduced evidence. What was the extent of the evidence upon the latter ground, and what would have been the finding of the jury upon that point, we have no means of judging. This was a distinct and independent ground, and one which, if found in favor of the demandant, might have been decisive of the case, but which, in the final disposition of the cause, was not considered or passed upon by the jury. All the evidence, therefore, bearing upon this point, is now to be treated as if never offered, and the sole inquiry for our consideration is, whether the instructions of the court were such, in matter of law, that the verdict may be maintained, taken as it was upon the first ground solely.
The presiding judge ruled, as a matter of law, that a deed of an insane person was absolutely void. Under this ruling, all that was required of the demandant, to entitle himself to a verdict in his favor, was to show a temporary insanity at the time of the execution of the deed. No matter what might have occurred subsequently, or how soon afterwards the demand-ant might have been restored to a sound mind; no matter what acts of confirmation may have been done by him, or however fully he may have adopted and ratified the transaction, by the receipt of money, or other valuable consideration paid for the land; still the legal title in the land would be in him. This was the necessary result of the doctrine, that the deed of a non compos was absolutely void, while, if it had been held only voidable, these subsequent acts of the party might materially affect the verdict of the jury. But adopting, as we do, the principle, that the deed of an insane person is only voidable, this, while it gives the insane grantor full power and authority to avoid his deed, and thus furnishes full protection to him against all acts injurious to his interests, done while he was non compos, also entitles the other party to set up the deed, if he can show a ratification or adoption of it by the grantor, after he is restored to a sound mind. If the grantor, *421 when thus capable of acting, and with full knowledge of his previous acts, and of the nature and extent of them, will deliberately adopt and ratify them; if he will knowingly, and in the exercise of his proper faculties, take the benefit of a contract made while he was insane; it is competent for him to do so. But the consequence will be, to give force, effect, and legal validity to his contract, which was before voidable.
In the present case, therefore, upon the point first relied upon in the defence, viz. that the demandant was insane when he executed the deed, the jury should have been instructed that this fact, if established, rendered the deed voidable, and that it was competent for the demandant to avoid it on that ground, if not estopped by his subsequent acts, done while in his right mind ; but that a voidable deed was capable of confirmation ; and that, if the grantor, in his lucid intervals, or after a general restoration to sanity, then being of sound mind, and well knowing and understanding the nature of the contract, ratified it, adopted it as a valid contract, and participated in the benefits of it, by receiving from the purchaser the purchase money due on the contract, this would give effect to the deed, and render the same valid in the hands of the grantee, and would thus become effectual to pass the lands, and divest the title of the grantor. Such instructions would have presented the question in issue in a different aspect to the jury, and might have led to a different result upon the only point upon which they passed.

Verdict set aside, and a new trial granted.